UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
MARGARITA ROSSY, as Administrator of the
ESTATE OF JOSE HERNANDEZ-ROSSY

                              Plaintiff,                          CIVIL ACTION
                                                                  JURY TRIAL
                                                                  DEMANDED


        -vs-


CITY OF BUFFALO, and its agents, servants and employees, and
BUFFALO POLICE DEPARTMENT P.O. JUSTIN TEDESCO,
BUFFALO POLICE DEPARTMENT P.O. JOSEPH ACQUINO,
and POLICE COMMISSIONER DANIEL DERENDA,
Individually and in their representative capacities, and
AMERICAN MEDICAL RESPONSE d/b/a "AMR"
And its agents, servants and employees,

                              Defendants.
-----------------------------------------------------------------------

## PRELIMINARY STATEMENT

1.      This is a civil action seeking compensatory damages and punitive damages against the

CITY OF BUFFALO and it agents and employees, for committing acts under the color of law

amounting to police brutality and misconduct which deprived the decedent, JOSE

HERNANDEZ-ROSSY of his rights under the United States Constitution and the laws of the

United States and the State of New York, and which were contrary to the provision of Title 42

USC § 1983 et seq. and 42 USC § 1981.

2.      The defendants also engaged in negligent, reckless and wanton conduct on or about and

before May 7, 2017 and thereafter, in addition to the stated violations of the decedent's

constitutional rights committed while acting under the color of law as police officers, and

thereby causing plaintiff's decedent grievous injury, resulting in decedent's wrongful death.

3.    On or about May 7, 2017, Buffalo Police Officer JUSTIN TEDESCO (hereinafter "defendant TEDESCO") while acting in concert with defendant Buffalo Police Officer JOSEPH ACQUINO (hereinafter "defendant ACQUINO") shot decedent JOSE-HERNANDEZ-ROSSY from behind while the decedent was unarmed and posing no threat to anyone. The defendant officers acted individually and in concert with each other to commit the unlawful conduct during the events that resulted in the fatal shooting of decedent JOSE-HERNANDEZ-ROSSY in Buffalo, New York.

4.    The defendant CITY OF BUFFALO is liable for the Plaintiff's damages for the negligent failure to instruct, supervise, control, and discipline the defendant police officers, which failures were the result of an official policy and custom, and practice of the City police department; the defendants were deliberately indifferent and took no action to eliminate or prevent the unconstitutional conduct within the department which amounted to policy, practice, and custom on the part of the department and officers, all of which caused the Plaintiff's damages as specifically set forth below.

5.    Pursuant to NYS General Municipal Law § 50-e, the Notice of Claim was timely served upon the CITY OF BUFFALO on or about July 10, 2017 in this matter, and the municipality has failed or refused for more than 30 days to reconcile the claims set forth therein.   This action was commenced within one year and ninety days after the causes of action herein accrued, and within 2 years on the wrongful death action set forth herein.

## PARTIES

6.    Plaintiff, MARGARITA ROSSY is an adult individual and a citizen of the United States and a resident of the State of New York, having at all times hereinafter stated an address at 150 Germain Street, Buffalo, NY 14207.  Plaintiff MARGARITA ROSSY, as fiduciary and

Administrator of the ESTATE OF JOSE-HERNANDEZ ROSSY sues all defendants in both their individual and official capacities.

7.    Plaintiff, MARGARITA ROSSY, mother of decedent, was duly appointed Administrator of the ESTATE of JOSE HERNANDEZ-ROSSY by the Erie County Surrogate Court.

8.    That upon information and belief, the defendant TEDESCO and defendant ACQUINO were police officers employed by the City of Buffalo and acting in their official duties at the times set forth herein.

9.    Defendant POLICE COMMISIONER DANIEL DERENDA (hereinafter "defendant COMMISIONER") at all relevant times and material hereto, was the Police Commissioner for the CITY OF BUFFALO and as such, the highest ranking official in charge of the police department, and was responsible for the hiring, training, supervision, discipline and conduct of the defendant officers, as more fully set forth herein.  Defendant COMMISIONER is further responsible by law for setting, reviewing and/or enforcing the regulations of the Buffalo Police Department and for ensuring that the CITY OF BUFFALO police officers obey the laws of the State of New York, and the United States of America.

10.    At all times relevant and material, defendant COMMISSIONER was a policy maker for the Buffalo Police Department in all matters that are alleged herein. In the alternative, defendant COMMISIONER participated in the promulgation of policy for the Buffalo Police Department by defendant CITY OF BUFFALO and was directly responsible for its implementation in whole or in part.

11.    Defendant CITY OF BUFFALO is a municipal corporation, organized and existing under the laws of the State of New York. At all times relevant and material, the CITY OF BUFFALO acted by and through its City Council and its officers, agents, servants, and/or employees, who at

all times relevant and material acted within the scope of their authority as persons who set,
reviewed and/or enforced, as policymakers, certain policies regarding the conduct and actions of
police officers employed by the CITY OF BUFFALO, including defendant JUSTIN TEDESCO
and defendant JOSEPH ACQUINO. The CITY OF BUFFALO has a business address at City
Hall, 65 Niagara Square, Buffalo, NY 14202.

12.    Defendant AMERICAN MEDICAL RESPONSE (hereinafter defendant "AMR") is a
foreign corporation doing business in Buffalo, New York under a contract to provide emergency
medical services within the CITY OF BUFFALO.

13.    At all times relevant and material, defendant JUSTIN TEDESCO, defendant JOSEPH
ACQUINO, and defendant COMMISIONER acted under the color of laws, statutes, ordinances,
regulations, policies, customs, and usages of the State of New York, the City of Buffalo, and the
Buffalo Police Department.

## JURISDICTION AND VENUE

14.    This District Court has jurisdiction over the actions of the defendants pursuant to Title 42
U.S.C., §1983 et seq., 42 U.S.C 1981 and federal question jurisdiction pursuant to 28 U.S.C.,
§1343, and 28 U.S.C. §1331, in that the causes of action arise under Title 42 U.S.C 1983, and
1981, and under the 4th, 8th and 14th Amendments of the United States Constitution. Plaintiff
further invokes the pendent and ancillary jurisdiction of this Court pursuant to 28 U.S.C. §1367
to adjudicate claims arising under the laws of the State of New York.

15.    Venue is proper in this judicial district pursuant to Title 28 U.S.C., 1391, in that all the
defendants reside in this district, or do business in this district, and the events, acts, or omissions
giving rise to the claims occurred in this district, and no real property is involved.

## FACTUAL BACKROUND

16.     That on May 7, 2017 at about 5:00 p.m. the defendant JUSTIN TEDESCO and defendant

JOSEPH ACQUINO, acting in concert with each other, unlawfully stopped the plaintiff's

vehicle, by overtaking it and driving into it in such a manner that the vehicle was brought to an

abrupt stop on Garfield Street in the City of Buffalo, New York.

17.     That after unlawfully stopping the decedent JOSE HERNANDEZ-ROSSY, both

defendant ACQUINO and defendant TEDESCO, who were known to the decedent, rushed the

vehicle and forcefully entered the driver's door of the car without proper legal authority or

justification.

18.     After violently stopping the decedent JOSE HERNANDEZ-ROSSY and unlawfully

entering into the vehicle, the named defendant ACQUINO and defendant TEDESCO placed the

decedent in imminent fear for his life, health and safety thereby causing the decedent to attempt

to avoid the defendants' unlawful actions.

19.     The decedent JOSE HERNANDEZ-ROSSY was startled and terrified by the defendants'

abrupt and unlawful actions, and tried to avoid the physical assault by driving away.  However,

defendant ACQUINO had physically and forcefully entered the driver's compartment and took

control of the steering wheel causing the plaintiff's vehicle to go out of control, leave the

roadway and crash into the foundation of a structure at the southeast corner of Garfield St. and

Hartman Place in Buffalo, NY.

20.     The defendant ACQUINO and defendant TEDESCO, then acting together inside the

vehicle, grabbed the decedent JOSE HERNANDEZ-ROSSY by the neck and body and forced

him out of the disabled vehicle and dragged him across the lawn, and through a large hedge of

shrubs onto the sidewalk, where the defendants acting together then beat, and pistol whipped

decedent JOSE HERNANDEZ-ROSSY, and forced him to the ground.

21.     That during the protracted struggle, the decedent JOSE HERNANDEZ-ROSSY was able

to get to his feet and start to run from defendant TEDESCO and defendant ACQUINO who had

by then had ripped the clothes from his upper body, and inflicted multiple bodily injuries about

his head, neck and face, and upon his person.

22.     While the decedent JOSE HERNANDEZ-ROSSY was running away to escape the

beating, defendant JUSTIN TEDESCO without lawful basis, reason, or justification, and acting

in concert with defendant JOSEPH ACQUINO, recklessly, and negligently, and/or with

deliberate indifference to the rights, life, and liberty of JOSE HERNANDEZ-ROSSY, fired

several shots at the decedent's back, thereby striking decedent JOSE HERNANDEZ-ROSSY

from behind causing and resulting in his death by gunshot wound on May 7, 2017.

23.     At the time of the aforesaid fatal shooting, the decedent was obviously unarmed, and

fleeing an unlawful assault, and was at such a distance from the defendants that he posed no

threat of imminent danger to them or any member of the public, and such use of deadly force

was not authorized or justified under the law.

24.     The foregoing acts of the defendants, and each of them, caused grievous and painful

bodily injuries, extreme anguish and terror, conscious pain and suffering, and later resulted in the

wrongful death of decedent JOSE HERNANDEZ-ROSSY, together with economic and

consequential damages in an amount to be determined at trial.

**AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C § 1983 BY PLAINTIFF
AGAINST DEFENDANT JUSTIN TEDESCO AND DEFENDANT JOSEPH ACQUINO**

25.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

26.    On or about May 7, 2017 defendant TEDESCO acting intentionally, recklessly,

negligently and/or with a deliberate indifference to the rights, life and liberty of JOSE

HERNANDEZ-ROSSY caused his death by shooting him in the back while decedent JOSE

HERNANDEZ-ROSSY was unarmed and running from the defendants, causing grievous bodily

injury, conscious pain and suffering, anxiety, terror, and resulting in his death on or about May 7,

2017 at about 6:00 pm.

27.    As a result of the foregoing, defendants TEDESCO and ACQUINO while acting under

color of state law, violated 42 U.S.C 1983 et seq., and deprived JOSE HERNANDEZ-ROSSY of

rights secured by the Constitution and laws of the United States and the State of New York

including those rights protected by the Fourth, Eighth, and Fourteenth Amendments to the U.S.

Constitution, not to be deprived of life, liberty and property without due process of law, and

other rights, privileges and immunities guaranteed by the laws and constitutions of the United

States and the State of New York.

   As a result of the foregoing JOSE HERNANDEZ-ROSSY was caused to suffer grievous

bodily injury, loss of liberty, loss of life, substantial physical, emotional, mental and

psychological pain and Plaintiff was otherwise injured in an amount to be determined at trial.

## AS AND FOR A SECOND CLAIM PURSUANT TO
## 42 U.S.C. §1981 BY PLAINTIFF

28.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

29.    The aforesaid unlawful conduct by the defendant police officers, and the other agents,

servants and employees of defendant CITY OF BUFFALO was occasioned by defendants'

unconstitutional racial profiling, racial animus and in whole or in part by virtue of the fact that

decedent JOSE HERNANDEZ-ROSSY was of Hispanic ethnicity.

30.     As a result of the foregoing, the defendants in violation of 42 U.S.C. §1981 thereby deprived decedent JOSE HERNANDEZ-ROSSY of rights secured by the Constitution and laws of the United States and the State of New York, including the Fourth and Eighth and Fourteenth Amendments to the United States Constitution.

31.     As a result of the foregoing, decedent JOSE HERNANDEZ-ROSSY was caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain and Plaintiff was otherwise injured in an amount to be determined at trial.

**AS AND FOR A THIRD *MONELL* CLAIM PURSUANT TO**
**42 U.S.C. §1983 BY PLAINTIFF AGAINST**
**DEFENDANT CITY OF BUFFALO**

32.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

33.     The aforesaid conduct of the individual named defendants was occasioned and conducted pursuant to, and was the result of, the unconstitutional customs, usages, practices and/or policies of defendant CITY OF BUFFALO, and defendant COMMISSIONER including a failure to train, supervise, and discipline the individual defendants herein.

34.     As a result of the foregoing, the said defendants in violation of 42 U.S.C. §1983 thereby deprived decedent JOSE HERNANDEZ-ROSSY of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution and laws of the State of New York.

35.     As a result of the foregoing, decedent JOSE HERNANDEZ-ROSSY was caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain and Plaintiff was otherwise injured in an amount to be determined at trial.

**AS AND FOR A FOURTH CLAIM FOR SUPERVISORY LIABILITY**
**PURSUANT TO 42 U.S.C. §1981 and §1983**

36.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

37.     By their conduct in failing to remedy the wrongs committed by defendant TEDESCO and defendant ACQUINO, and in failing to properly hire, train, supervise, or discipline defendant TEDESCO and defendant ACQUINO, the defendant CITY OF BUFFALO and defendant COMMISSIONER caused damages and injuries in violation of plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments to the U.S. Constitution and under 42 U.S.C. §1981 and §1983, and under the laws of the State of New York.

38.     As a result of the foregoing, decedent JOSE HERNANDEZ-ROSSY was caused to suffer grievous bodily harm, substantial physical, emotional, mental and psychological pain, and Plaintiff was otherwise injured in an amount to be determined at trial.

**AS AND FOR A FIFTH CLAIM FOR WRONGFUL DEATH**
**BY PLAINTIFF AGAINST DEFENDANT CITY OF BUFFALO, DEFENDANT**
**TEDESCO, DEFENDANT ACQUINO, AND DEFENDANT AMR**

39.     Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40.     Further, following the fatal gunshot wound that pierced a vital artery, the agents, servants, and employees of the defendant CITY OF BUFFALO, and the defendant AMR, and each of them, negligently rendered or failed to render first aid and treatment to decedent JOSE HERNANDEZ-ROSSY, and thereby negligently caused and allowed him to bleed to death on the ground.

41.     As a result of the foregoing, defendant TEDESCO and defendant ACQUINO, and defendant CITY OF BUFFALO, and defendant AMR and each of them, by their negligent,

careless, and reckless conduct caused the death of decedent JOSE HERNANDEZ-ROSSY,

without fault or comparative negligence on his part.

As a result of the foregoing, Plaintiff was caused to suffer economic losses and other

consequential damages, and was otherwise injured in an amount to be determined at trial.

### AS AND FOR A SIXTH CLAIM FOF NEGLIGENCE
### AGAINST DEFENDANT CITY OF BUFFALO, DEFENDANT ACQUINO
### AND DEFENDANT TEDESCO

42.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

43.    The defendants, and each of them, negligently, recklessly and with wanton disregard

caused grievous bodily injuries, including a fatal gunshot wound, to decedent JOSE

HERNANDEZ-ROSSY thereby resulting in his death on May 7, 2017.

44.    As a result of the foregoing, decedent JOSE HERNANDEZ-ROSSY was caused to suffer

grievous bodily harm, conscious pain and suffering, terror and fear of impending death, and was

otherwise injured by the defendants, and each of them, in an amount to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT CITY OF BUFFALO,
### AND ITS AGENTS, SERVANTS, AND EMPLOYEES,
### FOR OFFICIAL MISCONDUCT, TAMPERING
### WITH EVIDENCE AND SPOLIATION

45.    Plaintiff repeats and re-alleges each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

46.    That during and subsequent to the events herein set forth, agents and employees of the

defendant CITY OF BUFFALO while acting within the scope of their employment, tampered

with, moved, lost, destroyed and/or otherwise altered material evidence pertaining to the subject

matter of this litigation.

47.     That such acts and omissions were done within the scope of the official duties of those agents, servants, and employees of the defendant CITY OF BUFFALO, and contravened proper police procedures used for the preservation of a crime scene, and which are intended to preserve the integrity of the evidence pertaining to a police investigation.

48.     That such acts and omissions materially altered the evidence pertaining to the events that resulted in the fatal shooting death of Plaintiff's decedent JOSE HERNANDEZ-ROSSY, and thereby obstructed the investigation and the administration of justice.

49.     That such acts and omissions were done intentionally, or with gross negligence and reckless disregard, thereby obscuring, altering, spoliating, destroying, or removing evidence of the defendants' unlawful conduct, and damaging the Plaintiff in an amount to be determined by the trier of fact herein.

WHEREFORE, Plaintiff, MARGARITA ROSSY, as Administrator of the Estate of JOSE HERNANDEZ-ROSSY, demands the following relief jointly and severally against all of the defendants:

a.     Compensatory damages and punitive damages;

b.     The convening and impaneling of a jury to consider the merits of the claims herein;

c.     costs and interest, attorney's fees on the civil rights claims, and such other and further relief as this Court may deem just and proper.

Dated: September 18, 2017
          Buffalo, New York

Yours, etc.

NELSON S. TORRE, ESQ.
Attorney for Plaintiff
438 Main Street, 9th Floor
Buffalo, New York 14202
Tel. (716) 854-2808