UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

MARGARITA ROSSY,
as Administrator of the Estate of Jose
Hernandez-Rossy,

                                   **Plaintiff,**

v.                                                                 17-CV-937-WMS

CITY OF BUFFALO,
JUSTIN TESESCO, Buffalo Police Department P.O,
JOSEPH ACQUINO, Buffalo Police Department P.O.,
POLICE COMMISSIONER DANIEL DERENDA,
Individually and in their representative capacities, and
AMERICAN MEDICAL RESPONSE d/b/a "AMR"
And its agents, servants and employees,

                                  **Defendants.**
─────────────────────────────────────

## DECISION AND ORDER

Plaintiff, as the administrator of her son's estate, commenced this action on September 19, 2017. Dkt. No. 1. She alleges that the Defendant Police Officers beat and fatally shot her unarmed son, Jose Hernandez-Rossy ("Hernandez-Rossy"), during an unlawful, racially-motivated traffic stop; that the Defendant City and Commissioner failed to train, supervise, or discipline the officers; and that the Defendant ambulance company's employees negligently rendered or failed to render first aid, causing Hernandez-Rossy's death. Dkt. No. 1. This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. No. 11.

This Court presumes familiarity with the underlying allegations in the Complaint. Dkt. No. 1. On June 1, 2020, the undersigned entered a Decision and Order (Dkt. No. 55) directing defendants to produce for *in camera* review: Officer Acquino's

medical records relating to injuries he sustained during his confrontation with Hernandez-Rossy on May 7, 2017; and any and all personnel records and internal affairs reports related to substantiated charges or founded civilian complaints of excessive force or constitutional violations against Officers Acquino, Tedesco, or Hy that occurred prior to May 7, 2017.  Dkt. No. 55, pp. 5, 9.  I also directed Plaintiff's counsel to provide a certified transcript of Acquino's testimony regarding the cause of his injuries.  Dkt. No. 55, pp. 5.  The deadline to comply with my Decision and Order was extended upon letter request.  Dkt. No. 60.

Having reviewed Officer Acquino's testimony and his medical records, this Court finds that select records should be disclosed as they substantially bear out Acquino's testimony that he was shot while struggling with Hernandez-Rossy in his SUV.  To that end, Defendants are directed to turn over **COB In Camera Submission 0001-0009** and **0015-0023** to Plaintiff within one week of this Decision and Order.  These records document Officer Acquino's transport by ambulance to ECMC on May 7, 2017, the medical treatment he received at ECMC for the injuries to his face and ear, and the opinion rendered by his doctor months later as to the cause of his injuries, while revealing no more than necessary about Acquino's health.

It is noted that the cause of Officer Acquino's injuries is squarely at issue.  As previously found by this Court, whether Officer Acquino sustained a gunshot wound while he wrestled with Hernandez-Rossy bears directly on whether it was reasonable for Officer Tedesco to shoot Hernandez-Rossy after he emerged from the vehicle.  *See Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir. 1995) (in determining the reasonableness of force used by a detaining officer, a court considers "the totality of the circumstances faced by the officer

2

on the scene"); *Ortiz v. Vill. of Monticello*, No. 06 CIV. 2208 ER, 2012 WL 5395255, at *11 (S.D.N.Y. Nov. 2, 2012) (reasonableness of force analysis includes three specific considerations: (1) the "severity" of the crime; (2) "whether the suspect poses an immediate threat to the safety of the officers or others;" and (3) "whether the suspect is actively resisting arrest or attempting to evade arrest by flight").

Regarding the personnel records and internal affairs reports, this Court finds that they need not be disclosed as none of the disclosed complaints involve injury to any civilian; substantiate deceit on the part of Officers Acquino, Tedesco, or Hy; or otherwise demonstrate a pattern of racial profiling. Two founded charges relate only to the failure to file requisite paperwork. In this regard, the documents are not relevant to whether: Officers Acquino, Tedesco, and/or Hy, as members of a specialized Buffalo Police Department unit, were engaged in a pattern of racial profiling, using excessive force against civilians, and/or covering up such conduct; or that the Defendant City and Police Commissioner were aware of such behavior on the part of the Officers, but failed to intervene.

This Court received the articles sent by Plaintiff's counsel regarding Officers Tedesco and Hy. Plaintiff notes that according to a July 2020 Investigative Post article, Officer Tedesco was within the top 10% of Buffalo Police detectives, patrol officers, and cell block attendants who received the most complaints in his or her work area. *See* https://www.investigativepost.org/2020/07/20/buffalo-police-release-disciplinary-records/. While Officer Tedesco may have complaints against him, the records produced by Defendants and reviewed by this Court do not show that he used excessive force against civilians or that he was engaged in unlawful racial profiling. *See Law v. Cullen*, 613 F.

3

Supp. 259, 262 (S.D.N.Y. 1985) (holding that five prior charges against the defendant police officer did not support the inference that the officer had a propensity for excessive use of force of which the defendant city knew or should have known, given that four of the five charges were unsubstantiated and the last was based on an improper search and not excessive use of force).

      Plaintiff's counsel also notes that according to another, more recent Investigative Post article, Officer Hy is currently under investigation for scuffling while off-duty with a man described as mentally disturbed, and that the Officer had been suspended for head butting a teenager while off-duty in 2016.  *See* https://www.investigativepost.org/2020/09/03/buffalo-cop-under-investigation-after-scuffle/.  This would not fall within the scope of documents this Court ordered Defendant to disclose as it did not involve a civilian complaint to the Buffalo Police Department.  According to the article, because he was off-duty, Hy was charged in West Seneca, fined, sentenced to 50 hours of community service, and ordered to stay away from the victim.  He was incidentally suspended by the Buffalo Police Department.  If Plaintiff requires more information regarding this off-duty incident, he may depose Hy, seek out the records from the West Seneca Police Department or municipality, and if necessary, move this Court for an order compelling disclosure.  This Court notes once again that Plaintiff has not named Officer Hy as a defendant in this case.  Nor has she alleged that Hy was involved in pulling Hernandez-Rossy's SUV over or that he used any force against him whatsoever.

## **CONCLUSION**

For the foregoing reasons, Defendants are directed to turn over **COB In Camera Submission 0001-0009** and **0015-0023** to Plaintiff within one week of this Decision and Order.

**SO ORDERED.**

DATED:   Buffalo, New York
         October 2, 2020

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**