UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARGARITA ROSSY, *as Administrator of the Estate of Jose Hernandez-Rossy*,

Plaintiff,

v.

CITY OF BUFFALO, *et al.*,

Defendants.

---

**DECISION & ORDER**

17-CV-937-MAV-HKS

The "widely disparate versions of the facts" in this matter are set forth in detail in the Decision and Order on the City Defendants' motion for summary judgment issued by United States District Judge Hon. William M. Skretny on September 5, 2023 (ECF No. 142), familiarity with which is assumed for purposes of the instant Decision and Order.

Presently before the Court is Plaintiff's motion *in limine* seeking the admission without foundational testimony of a report (the "GSR Report") by "one of the few national experts accredited in [the] analysis of Primer Gun Shot Residue," Wayne D. Niemeyer, which was commissioned by the New York State Office of the Attorney General ("OAG") to test for traces of gun shot residue on the decedent's jacket and one of his vehicle's airbags. ECF No. 188. The City Defendants oppose the motion. ECF No. 192. For the reasons discussed below, Plaintiff's motion is denied without prejudice.

## LEGAL STANDARD

As the Supreme Court has noted, "[a]lthough the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the

district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Indeed, "[t]he purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). Nevertheless, "courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context." *United States v. Van Putten*, No. 04 CR. 803 (PKL), 2005 WL 612723, at *3 (S.D.N.Y. Mar. 15, 2005). Either way, "the ruling is subject to change when the case unfolds . . . . [E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42.

## DISCUSSION

As indicated, the motion before the Court seeks "an *in limine* ruling that the GSR Report is admissible at trial without the need for foundational testimony from Niemeyer." ECF No. 188-2 at 7.[1] Plaintiff argues that the GSR Report is relevant, satisfies the business-record hearsay exception under Fed. R. Evid. 803(6), is more probative than prejudicial, and is not otherwise inadmissible. *Id.* at 7–10. In response, the City Defendants maintain in pertinent part that the GSR Report is hearsay and of limited relevance, and that Plaintiff has not satisfied Fed. R. Evid. 702 (governing "expert testimony"). ECF No. 191 at 1–7. Therefore, they ask the Court to deny Plaintiff's motion and require Plaintiff to establish the admissibility of any gun shot

[1] The page numbers cited in this Decision and Order refer to the page numbers generated by the Court's CM/ECF System, located in the top right-hand corner of the documents referenced.

residue evidence through proper expert testimony and a complete foundation. *Id.* at 7–8.

Plaintiff does not dispute that the GSR Report is hearsay. Rather, Plaintiff argues that the GSR Report should be admitted under the hearsay exception in Fed. R. Evid. 803(6). Where a party seeks the admission of an out of court statement for the truth of the matter, it is that party's burden to show the applicability of an exception or exemption to the prohibition on hearsay. *Reynolds v. Am. Airlines, Inc.*, No. 14 CV 2429 (CLP), 2017 WL 6017355, at *2 (E.D.N.Y. Dec. 4, 2017) (citing, *inter alia, Evans v. Port Authority of N.Y. & N.J.*, 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002)).

Fed. R. Evid. 803(6), typically referred to as the "business record" exception, permits the admission of writings which may otherwise be excluded as hearsay provided that "(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness . . .; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.* Anticipating the City Defendants' arguments under Fed. R. Evid. 702, Plaintiff points to a decision by another court in this district in *Horn v. Med. Marijuana, Inc.*, No. 15-CV-701-JWF, 2021 WL 1700257 (W.D.N.Y. Apr. 29, 2021), which concluded "that an opinion properly admitted under Rule 803(6) does not necessarily need to satisfy the strictures of Rule 702." *Horn*, 2021 WL 1700257 at *3.

The Court recognizes, with the *Horn* court, the Fed. R. Evid. Advisory Committee's statement that "the purpose of [Rule 803(6)] is to dispense with the burdensome production of witnesses to support the admission of records which, by their nature, have an unusually high level of reliability." *Horn*, 2021 WL 1700257 at *2 (citing Fed. R. Evid. 803 Advisory Comm. Notes; *Parker v. Reda*, 327 F.3d 211, 214-15 (2d Cir. 2003)); *see also* ECF No. 188-2 at 7–9 (discussing *Horn*). The Court further acknowledges the *Horn* court's conclusion with respect to the relationship between Rules 702 and 803(6). Nevertheless, the Court here finds that the GSR Report in question falls under one of the indicia of untrustworthiness cited in *Horn*. That is, the Court is not presently persuaded that the GSR Report satisfies Fed. R. Evid. 803(6)(E), as the report was created "in anticipation of litigation." *Horn*, 2021 WL 1700257 at *3 (quoting *United States v. Kaiser*, 609 F.3d 556, 574 (2d. Cir. 2010)).

As Plaintiff points out, the GSR Report is a product of a special investigation commissioned by Governor Andrew Cuomo shortly after the decedent's death, and conducted by the New York State Office of the Attorney General ("OAG"). ECF No. 188-2 at 4 (citing ECF No. 107-4). As the report of that special investigation states, Governor Cuomo appointed "the Attorney General as special prosecutor 'to investigate, and if warranted, prosecute certain matters involving the death of an unarmed civilian . . . caused by a law enforcement officer.'" ECF No. 107-4 at 3 (quoting Governor Cuomo's order). Because the state was contemplating litigation when it commissioned the GSR Report, and cognizant of the OAG's acknowledgement that there were "few national experts accredited in the analysis of Primer Gun Shot Residue," the Court denies Plaintiff's request to admit the GSR Report without foundational testimony. *Horn*, 2021

WL 1700257 at *4 (finding it was "not the type of situation in which reliability can be as readily assumed" where the individual procuring the test and providing the sample was contemplating litigation).

This ruling does not preclude Plaintiff from moving at trial to admit limited portions of the GSR Report that may not be hearsay, or for some other limited purpose. *See Labacz v. Rohr*, No. 19-CV-528 (DLI)(RML), 2026 WL 880128, at *7 (E.D.N.Y. Mar. 31, 2026). As the Second Circuit has stated, the "degree of reliability necessary for admission is greatly reduced where . . . the declarant is testifying and is available for cross-examination, thereby satisfying the central concern of the hearsay rule." *Kaiser*, 609 F.3d at 576.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's *motion in limine* to admit the GSR Report is DENIED without prejudice.

SO ORDERED.

Dated: August 14, 2026
Rochester, New York

Meredith Vacca
HON. MEREDITH A. VACCA
United States District Judge