UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARGARITA ROSSY, *as Administrator of the Estate of Jose Hernandez-Rossy,*

Plaintiff,

v.

THE CITY OF BUFFALO, *et al.*,

Defendants.

---

**DECISION AND ORDER**

17-cv-0937-MAV

## INTRODUCTION

This matter is presently before the Court on a motion (ECF No. 194) by Plaintiff Margarita Rossy to dismiss her claims against Defendant American Medical Response ("AMR"), and a motion (ECF No. 195) by Defendant AMR for judgment on the pleadings on the cross-claim for indemnification by the "City Defendants."[1] For the reasons discussed below, both motions are GRANTED.

## BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural background of this case as more fully set forth in prior decisions and orders, such as two lengthy decisions issued by Hon. William M. Skretny in September 2023 (ECF Nos. 142, 143), a Second Circuit decision in 2025 (ECF No. 156), and the undersigned's decision issued earlier this year allowing the reinstatement of Plaintiff's claim for punitive damages (ECF No. 184).

[1] Plaintiff's complaint named four City Defendants: the City of Buffalo, Buffalo Police Officer Justin Tedesco, Buffalo Police Officer Joseph Acquino, and Police Commissioner Daniel Derenda. ECF No. 1. However, the City Defendants were awarded summary judgment on all but Plaintiff's excessive force claim against Officer Tedesco and Officer Acquino. *See* ECF No. 142 at 38.

In February 2026 this matter was scheduled for trial on the claims remaining after Judge Skretny's decisions on the parties' respective motions for summary judgment, including Plaintiff's excessive force claim against the City Defendants under 42 U.S.C. § 1983 (*see* ECF No. 142 at 38), Plaintiff's state law wrongful death claim based on AMR's response time (*see* ECF No. 143 at 31), and the City Defendants' cross-claim for indemnification against AMR (ECF No. 8 ¶ 78). On August 10, 2026, Plaintiff notified the Court that she reached a settlement agreement with AMR, and filed a motion seeking dismissal of AMR under Federal Rule of Civil Procedure 41(a)(2) and asking the Court to retain jurisdiction to enforce the settlement agreement. ECF No. 194. Shortly thereafter, AMR filed a motion to dismiss the cross-claim for indemnification that the City Defendants have asserted against it. ECF No. 195.

## PLAINTIFF'S MOTION TO DISMISS

In her motion to dismiss, Plaintiff maintains that the City Defendants are without standing to challenge her settlement with AMR, and that "the Court must dismiss [her] claims against AMR because the dismissal does not cause the [City Defendants] any formal legal prejudice." ECF No. 194-2 at 2–3. The City Defendants oppose Plaintiff's motion, arguing that "to the extent that Plaintiff's motion can be construed to seek dismissal of AMR from the case and excuse AMR from trial . . . such relief is improper" because it prejudices the City Defendants. ECF No. 211 at 3. The Court agrees with Plaintiff that dismissal of the claim does not prejudice the City Defendants.

## I. Legal Standard

Rule 41(a) of the Federal Rules of Civil Procedure governs the voluntary dismissal of actions. Rule 41(a)(1) provides that a plaintiff can voluntarily dismiss an action without a court order if she either: (i) files the notice of dismissal before the opposing party files an answer or motion for summary judgment, or (ii) files a stipulation signed by all parties who have appeared in the case. Rule 41(a)(2) provides that if neither of the conditions from Rule 41(a)(1) applies, then the plaintiff must ask the Court for an order dismissing the case and that the Court may grant the motion on "terms [it] considers proper."

"The grant or denial of a dismissal on motion under Rule 41(a)(2)[2] is within the sound discretion of the trial court." *McCombs v. M&T Bank Corp.*, 335 F.R.D. 41, 43 (W.D.N.Y. 2020) (citation omitted). Where, as here, a plaintiff seeks dismissal with prejudice, the Court's discretion is more limited than if the plaintiff seeks dismissal without prejudice. *See, e.g., GFE Global Fin. & Engineering Ltd. v. ECI Ltd. (USA),*

---

2 There is some debate in the Second Circuit as to whether Fed. R. Civ. P. 41(a) "has application to dismissal of a claim rather than [the entire] action." *Baksh v. Captain*, No. 99-CV-1806 (ILG), 2000 WL 33177209, *2 (S.D.N.Y. Dec. 11, 2000). *See Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir 1953) (suggesting that Fed. R. Civ. P. 21 is more appropriate to dismissal of a single defendant in a multi-defendant suit); *Boans v. Town of Cheektowaga*, No. 09-CV-37A, 2009 WL 2378683, at *2 (W.D.N.Y. Aug. 3, 2009) (discussing the issue and noting the Second Circuit's statement that motions under Fed. R. Civ. P. 15 would be subject to the same standard of review as a withdrawal under Fed. R. Civ. P. 41(a)) (quoting *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n. 4 (2d Cir. 1985)). Yet whether the motion is based on Fed. R. Civ. P. 15(a), 21 or 41(a)(2), it "is addressed to the sound discretion of the court . . . and therefore requires consideration of the interests of all parties to the action . . . ." *Moll v. S. Charters, Inc.*, 81 F.R.D. 77, 81 (E.D.N.Y. 1979) (citations omitted). Further, despite the debate as to the appropriate rule, "courts in this Circuit now widely apply the majority rule, which holds that Rule 41 allows a plaintiff to dismiss individual parties without dismissing the entire case." *Jenkins v. Miller*, No. 2:12-CV-184, 2023 WL 3000637, at *2 (D. Vt. Apr. 19, 2023) (collecting cases).

*Inc.*, 291 F.R.D. 31, 36 (E.D.N.Y. 2013) (discussing "two tests . . . in the Second Circuit for determining whether dismissal without prejudice would be inappropriate").

Indeed, some district courts have taken the view that a request for dismissal with prejudice *must* be granted, on the grounds that "such a dismissal is a complete adjudication of the claims and a bar to a further action on them between the parties, . . . [and] the district court has no discretion to . . . force an unwilling plaintiff to go to trial." *Bynum v. Maplebear Inc.*, 209 F. Supp. 3d 528, 535–36 (E.D.N.Y. 2016) (quoting 9 Wright & Miller, Fed. Prac. & Proc. Civ. § 2364 (3d ed.) (footnotes omitted)). Other district courts, however, have found that "a voluntary dismissal [with prejudice] may, at the discretion of the trial court, be granted if prejudice will not result to the other party." *Sec. & Exch. Comm'n v. Am. Bd. of Trade, Inc.*, 750 F. Supp. 100, 105 (S.D.N.Y. 1990). The Court finds the latter view more appropriate in the present case, where the City Defendants have asserted a cross-claim against AMR. *See, e.g., Massengill v. Waltz*, No. 94 CIV. 3171 (DAB), 1996 WL 419907, at *2 (S.D.N.Y. July 26, 1996) (dismissing the plaintiffs' claims against one defendant where there was no showing that prejudice would result to the co-defendant).

**II. Plaintiff's Motion for Voluntary Dismissal**

Plaintiff asks the Court to grant its motion to voluntarily dismiss its remaining claim against AMR, and maintain that the City Defendants lack standing to object because they will not be prejudiced by the dismissal. After a thorough review of the parties' papers and the issues at stake, the Court finds that the City Defendants are not prejudiced by the dismissal of Plaintiff's "response-time claim" against AMR.

"[I]t is settled that the voluntary dismissal of an action as against fewer than all defendants will not operate to dismiss previously asserted cross-claims against those defendants, who remain subject to the court's jurisdiction for purposes of those and any other cross-claims that might subsequently be filed." *Moll v. S. Charters, Inc.*, 81 F.R.D. 77, 80–81 (E.D.N.Y. 1979) (citing *Slotkin v. Brookdale Hospital Center*, 377 F. Supp. 275, 277–78 (1974)). That is, the dismissal with prejudice of a plaintiff's action against one defendant does not operate to dismiss the cross-claim asserted by another defendant against the "dismissed" defendant. *Lipford v. New York Life Ins. Co.*, No. 02 CIV. 0092 (LTSHBP, 2003 WL 21313193, at *3 (S.D.N.Y. June 9, 2003) (also discussing *Slotkin*, 377 F. Supp. at 277–78). Consequently, the City Defendants cannot show they are prejudiced by dismissal of Plaintiff's claim against AMR because the Court retains jurisdiction over AMR by virtue of the City Defendant's cross-claim. *See Shaps v. D.F.D.S.,* No. 83 CIV. 8091 (CBM), 1985 WL 269, at *3 (S.D.N.Y. Feb. 13, 1983) ("A cross-claim, once properly made, does not cease to be proper because the defendant to whom they were addressed ceased to be a co-defendant."). Therefore, Plaintiff's motion to voluntarily dismiss with prejudice her claims against Defendant AMR is granted.

**III. Jurisdiction to Enforce the Settlement Agreement**

Further, the Court agrees to retain jurisdiction to enforce the settlement agreement between Plaintiff and AMR.

A district court does not "automatically retain jurisdiction to hear a motion to enforce a settlement agreement simply by virtue of having disposed of the original

case." *Crispin v. Rodriguez*, No. 21-883, 2023 WL 1113536, at *2 (2d Cir. Jan. 31, 2023) (summary order) (quoting *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015)). Rather, motions to enforce settlement agreements require a separate "basis for jurisdiction," which exists where a district court's order of dismissal either "(1) expressly retain[s] jurisdiction over the settlement agreement, or (2) incorporate[s] the terms of the settlement agreement in the order." *Id.* Absent the Court's express retention of jurisdiction over the settlement agreement, enforcement of the agreement is for state courts unless there is some independent basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

In the present case, the Court has not been made privy to all of the terms of the settlement agreement between Plaintiff and AMR, and therefore declines to incorporate those terms into this order. Nevertheless, the Court agrees to retain jurisdiction over the enforcement of that agreement.

**AMR'S MOTION FOR JUDGMENT ON THE PLEADINGS**

In its motion for judgment on the pleadings or, alternatively for summary judgment, on the City Defendants' cross-claim against it for indemnification, AMR maintains that the City Defendants' indemnification claim is not cognizable because the only remaining claim against them is under 42 U.S.C. § 1983, and because the City Defendants lack evidentiary support for the claim.[3] ECF No. 195-1 at 5. In

[3] In its reply declaration in support of its motion, AMR also argues that the City Defendants provided insufficient notice of their intent to assert a contractual indemnity claim (ECF No. 220 ¶ 14), and failed to produce the purported contract (*Id.* ¶ 15). However, it is not necessary to rule on those issues because, even assuming the validity of the claim and the contract exhibit submitted by the City Defendants, AMR is entitled to judgment on the pleadings.

response, the City Defendants argue that AMR's motion is untimely, that indemnification claims are not necessarily barred as a matter of law for § 1983 claims, and that there is sufficient evidence already in the record to preserve their claims. ECF No. 216 at 2–9. The Court agrees with AMR that it is entitled to judgment on the pleadings on the City Defendants' cross-claim.

## I. Legal Standard

Under the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). In general, "the standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). Thus, to survive a motion for judgment on the pleadings, the pleading must supply "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court may accept undisputed allegations of fact, but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 302 (2d Cir. 2021). In assessing the facts,

> [A] court may consider the complaint as well as 'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference." *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir.2001) (internal quotation marks omitted). Moreover, "on a motion to dismiss, a court may consider . . . matters of which judicial notice may be taken, [and] documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied

> on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) (internal quotation marks omitted).

*Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 44 (2d Cir. 2014).

**II. Timeliness**

The City Defendants challenge the timeliness of AMR's motion for judgment on the pleadings. ECF No. 216 at 3–4. Rule 16(b) of the Federal Rules of Civil Procedure requires the Court to issue orders "as soon as practicable" fixing deadlines for the completion of discovery and the filing of dispositive motions. Fed. R. Civ. P. 16(b). To help ensure that cases stay on track, district judges are given express authority to sanction parties who do not comply with these deadlines. *See* Fed. R. Civ. P. 16(f). At the same time, the Second Circuit has also recognized that the district court has discretion to determine whether a party has demonstrated good cause to modify the scheduling order. *See, e.g., Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244–45 (2d Cir. 2007). Two primary considerations in that analysis are whether the party moving for modification has demonstrated diligence, and whether the modification will prejudice other parties to the litigation. *Id.*

Here, AMR has demonstrated appropriate diligence: following the City's cross-claim, AMR timely answered denying liability and seeking judgment dismissing the cross-claim. ECF No. 13. Further, AMR participated in on-going mediation to resolve this case (ECF No. 173), and filed its motion for judgment on the pleadings the same day that Plaintiff reported the settlement agreement (ECF Nos. 194, 195). Although AMR could conceivably have filed the instant motion in the aftermath of Judge

Skretny's decision on the summary judgment motions, its recent settlement with Plaintiff marked a significant change in circumstance warranting the motion.

Moreover, Plaintiff has not demonstrated undue prejudice in that the disposition of the matter depends entirely upon a question of law, and can be decided with no additional discovery and without undue delay to the trial. Consequently, the Court finds good cause for allowing AMR's dispositive motion for judgment on the pleadings at this juncture. *See, e.g., Boyd v. City of Buffalo*, No. 22-CV-00519-MAV, 2025 WL 262152, at *4 (W.D.N.Y. Jan. 22, 2025) (considering a settling co-defendant's motion for judgment on the pleadings on a co-defendant's cross-claim well beyond the date set for dispositive motions in the case management order).

**III. The City Defendants' Indemnification Cross-Claim**

In their answer to Plaintiff's complaint, the City Defendants allege that, to the extent the decedent or the Plaintiff in this action sustained injuries or damages that were not caused or contributed to by the decedent's own negligence, carelessness, or other culpable conduct, the injuries or damages "were caused or contributed to by the negligence, carelessness and/or other culpable conduct of" AMR. ECF No. 8 ¶ 78. Therefore, the City Defendants asserted a cross-claim that they "will be entitled to indemnification by and judgment over" AMR. *Id.*

In support of this claim and in response to AMR's motion for judgment on the pleadings on the cross-claim, the City Defendants have submitted what they purport to be the City's contract with AMR, which they relied upon in making their cross-claim. *See* ECF No. 216-2. That contract states, in pertinent part, that

> [T]he Contractor [i.e., AMR] shall agree to indemnify and save harmless the City of Buffalo and all its departments, its servants, agents, and employees from any and all suits or action at law or in equity, which may hereafter be brought against them or either of them, for, or on account of, all matters arising out of, or related to said contractor's services[.]

*Id.* at 3–4. It also provides that the agreement shall be governed by New York law. *Id.* at 24.

The City Defendants point out that if they are found liable on the excessive force claim, the verdict form will have a dedicated line for "loss of life damages." ECF No. 222 ¶ 5. They further observe that there is an open question as to whether the decedent's life could have been saved if AMR's ambulance arrived sooner, and that – if the jury were to find his life could have been saved – AMR would be required under the contract terms cited above to indemnify the City Defendants for loss of life damages. *Id.* ¶¶ 6–7. AMR maintains that this cross-claim sounds in contribution, not in indemnification (ECF No. 216), but the City Defendants disagree.

At the outset, the Court notes its agreement with the City Defendants' distinction between the common law or implied indemnification which this Court found to be precluded in § 1983 claims in *Boyd*, and the contract indemnification at issue before the Court in the City Defendants' cross-claim. ECF No. 216 at 4–6 (citing, *inter alia*, *Boyd*, 2025 WL 262152 at *4). "As the Second Circuit held in *Gibbs-Alfano*, contractual indemnification for § 1983 claims does not necessarily violate either New York or federal public policy." *Steele-Warrick v. Microgenics Corp.*, 738 F. Supp. 3d 222, 228 (E.D.N.Y. 2024) (citing *Gibbs-Alfano v. Burton*, 281 F.3d 12, 23 (2d Cir. 2002)).

However, even assuming – without finding[4] – that contractual indemnification would not be precluded in the instant case as contrary to the public policy goals of § 1983 suits, the Court finds that the indemnity clause at issue does not operate under these circumstances to require AMR to indemnify the City Defendants.

The Restatement (Third) of Torts describes indemnity as follows: "[w]hen two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff." Restatement (Third) of Torts: Apportionment Liab. § 22 (2000). The New York Court of Appeals has articulated the distinction between indemnification and the similar concept of contribution:

> Basically, in contribution the loss is distributed among tort-feasors, by requiring joint tort-feasors to pay a proportionate share of the loss to one who has discharged their joint liability, while in indemnity the party held legally liable shifts the entire loss to another.

*Rosado v. Proctor & Schwartz, Inc.*, 484 N.E.2d 1354, 1356 (N.Y. 1985). Whereas the right to contribution finds its origin in common-law or statute, indemnification "springs from a contract, express or implied . . . ." *McFall v. Compagnie Mar. Belge S.A.*, 107 N.E.2d 463, 471 (N.Y. 1952).

---

[4] In fact, it is not at all clear that the enforcement of an indemnification agreement is consistent with New York or federal public policy where the damages are due to a party's willful or intentional conduct. *See, e.g., Gibbs-Alfano*, 281 F.3d at 22 (2d Cir. 2002) (emphasizing "that there was no finding below of intentional wrongdoing"); *Pfizer, Inc. v. Stryker Corp.*, 348 F. Supp. 2d 131, 144 (S.D.N.Y. 2004) (citing *Austro v. Niagara Mohawk Power Corp.*, 487 N.E.2d 267, 267 (N.Y. 1985), which states "Indemnification agreements are unenforceable as violative of public policy only to the extent that they purport to indemnify a party for damages flowing from the intentional causation of injury."). *See also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998) (quoting *Brower v. County of Inyo*, 489 U.S. 593, 596–597 (1989) ("[A] Fourth Amendment seizure . . . [occurs] only when there is a governmental termination of freedom of movement through means intentionally applied.").

The New York Court of Appeals has concisely summarized how express indemnity contracts must be interpreted under New York law:

> Words in a contract are to be construed to achieve the apparent purpose of the parties. Although the words might seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view . . . . This is particularly true with indemnity contracts. When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed . . . . The promise should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances . . . .

*Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989) (internal citations and quotation marks omitted).

The indemnity provision at issue in this case provides that AMR shall indemnify the city and its servants from "all suits or action at law or in equity, which may hereafter be brought against them . . . for, or on account of, all matters arising out of, or related to [AMR]'s services[.]" ECF No. 216-2 at 3–4. Yet the claim remaining against the City Defendants is excessive force, which requires the factfinder to ask "whether the force deployed was justified from the perspective of a reasonable officer at the scene, taking due account of both the individual interests and the governmental interests at stake." *Barnes v. Felix*, 605 U.S. 73, 79 (2025) (internal quotation marks and citations omitted).

Strictly construing the indemnification provision to avoid reading into it a duty which the parties did not intend to be assumed, the Court finds that the action of law here cannot be said to have arisen out of, or to be related to, AMR's services. Indeed, AMR was not part of the deployment of force in this case, and was not summoned to

the scene until after the force in question was deployed. Therefore, the Court finds that the indemnification provision does not operate to shift liability from the City Defendants to AMR, and thus that AMR is entitled to judgment on the pleadings on the City Defendants' cross-claim against it.[5]

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to dismiss her remaining claim against Defendant AMR (ECF No. 194), and Defendant AMR's motion for judgment on the pleadings with respect to the City Defendants' cross-claim (ECF No. 195) are GRANTED. Consequently, IT IS HEREBY

ORDERED that Count V of Plaintiff's complaint and the City Defendants' cross-claim against AMR are dismissed.

SO ORDERED.

Dated: August 31, 2026
Rochester, New York

HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE

[5] AMR states that "the City [D]efendant[s'] remedy, if any, is to seek apportionment, not to pursue an indemnity and/or contribution claim against AMR." ECF No. 220 ¶ 25. The Court notes that the availability of any remedies to the City is still an open question.