UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARGARITA ROSSY, *as Administrator of the Estate of Jose Hernandez-Rossy*,

Plaintiff,

v.

CITY OF BUFFALO, *et al.*,

Defendants.

---

**DECISION & ORDER**

17-CV-937-MAV-HKS

Plaintiff Margarita Rossy, Administrator of the Estate of her late son, Jose Hernandez-Rossy, filed a motion (Dkt. 233) (the "motion") pursuant to W.D.N.Y. Local Rule of Civil Procedure ("Rule") 41(a)(2) for the Court to approve her settlement with Defendant American Medical Response ("AMR") and to approve her settlement with Defendants City of Buffalo, Daniel Derenda, Justin Tedesco, and Joseph Acquino (the "City Defendants").

The Court is familiar with the procedural and substantive history of the case, all prior pleadings (including the parties' pre-trial filings), the claims that were going to be tried and that are proposed to be settled, the parties' respective trial arguments, and the types of damages that were at issue and would have been sought at trial. The Court has reviewed the motion papers, including the Declaration of Ms. Rossy (Dkt. 232-2), and the Declaration of Nelson S. Torre (Dkt. 232-1), which attached Mr. Torre's retainer agreement in English and Spanish (Exhibit A), the Erie County Surrogate's Court Decree appointing Ms. Rossy as Administrator (Exhibit B), the Hoover & Durland LLP engagement letter executed

in English and in Spanish (Exhibits C and D), the settlement agreement with the City Defendants in English and Spanish (Exhibit E), Mr. Torre's closing statement of costs/disbursements in English and Spanish (Exhibit F), and the AMR settlement agreement (sealed Exhibit G).

For the reasons set forth below, the Court determines that a hearing is not required on the motion, grants Plaintiff's motion, and approves the proposed settlements, payment of costs, and payment of attorneys' fees.

## DISCUSSION

### I. The proposed settlements and settlement agreements are approved.

Rule 41 provides that "[a]ctions brought on behalf of decedents' estates shall not be settled or compromised, or voluntarily discontinued, dismissed, or terminated, without application to and leave of Court." Rule 41(a)(2)(A); *see also* *Carter-Sapp v. Hupkowitz*, No. 20-CV-1889-LJV-MJR, 2025 WL 475356, at *1 (W.D.N.Y. Feb. 12, 2025) ("Wrongful death claims are one of the few types of civil lawsuits [in New York State] that require court approval for resolution by settlement." (quoting *In re Seventh Jud. Dist. Asbestos Litig.*, 4 Misc. 3d 457, 460 (Sup. Ct. Monroe Cnty. 2004)).

Rule 41 further provides that any application for settlement approval must address, among other items, "the attorney's fees and disbursements to be paid out of the settlement," and states that "[u]pon approving the settlement, attorney's fees, and disbursements, the Judge shall direct the estate representative to apply to the appropriate Surrogate of the State of New York . . . for an order of distribution of

the net proceeds of the settlement pursuant to Section 5-4.4 of New York's Estate Powers and Trusts Law ["EPTL"][.]" Rule 41(a)(2)(A), (D).

In deciding whether to approve a proposed settlement under Rule 41(a)(2), the Court must determine whether "the proposed settlement is in the best interests of the estate and distributees." *Durlak v. Medtronic, Inc.*, No. 11-CV-234-WMS, 2012 WL 2838764, at *1 (W.D.N.Y. July 10, 2012).

Accordingly, the Court considers "(1) the circumstances giving rise to the claim, (2) the nature and extent of the damages, (3) the terms of the settlement and amount of attorneys' fees and other disbursements, (4) the circumstances of any other claims or settlements arising out of this same occurrence, and (5) the plaintiff's statement of why she believes this settlement is in the best interest of the estate and the distributees." *Wyatt v. Kozlowski*, No. 19-CV-159-EAW, 2025 WL 4804506, at *1 (W.D.N.Y. June 2, 2025) (cleaned up); *see also Acosta v. United States*, No. 23-CV-3551, 2025 WL 1343806, at *2 (S.D.N.Y. Feb. 18, 2025) ("The court must determine whether the proposed settlement is fair, reasonable and adequate by comparing the terms of the compromise with the likely rewards of litigation. . . . A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently[.]" (quotations and citations omitted)).

Considering all these relevant factors, including the types of claims asserted, the types of damages sought, the amount of the settlements, the fact that the settlements occurred after discovery and pre-trial filings were complete and just before trial commenced, the fact that both parties had counsel experienced in similar cases, the involvement of a skilled mediator in the negotiations involving the City Defendants, the certainty and other benefits that these settlements achieve, and Plaintiff's request for approval of the settlement for the reasons given in her declaration, the Court finds that the proposed settlement with AMR in the amount of $100,000, on the terms set forth in the written settlement agreement, and the proposed settlement with the City Defendants in the amount of $4,500,000, on the terms set forth in the written settlement agreement, shall be approved.

## II. Payment of Mr. Torre's disbursements from the settlements is approved.

Rule 41(a)(2) requires the Court to review and approve the payment of attorney disbursements from the settlements. The question is whether the disbursements are reasonable and appropriate "standard litigation expenses." *Gluck v. Sandelli*, No. 21-CV-2038, 2022 WL 1556124, at *2 (S.D.N.Y. May 16, 2022); *accord Avant v. County of Erie*, No. 20-CV-1689, 2025 WL 2581681, at *2 (W.D.N.Y. Aug. 29, 2025) ("The Court finds no issue with the repayment of those costs, which are entirely reasonable.").

The Court has reviewed Exhibit F to the Torre Declaration, which delineates all of the costs paid by Mr. Torre on behalf of Plaintiff in preparing to litigate the case (including the 2017 application in Erie County Surrogate's Court for the

appointment of Ms. Rossy as administrator of her son's estate), and litigating this case in this Court and in the United States Court of Appeals for the Second Circuit from May 2017 to the present. The Court agrees that the costs incurred in the amount of $61,314.84 were necessary to litigate the case, and were reasonable given the complexity of the case, the length of the case, and the need to prepare for trial. The Court therefore approves reimbursement to Mr. Torre of $61,314.84 from the settlement proceeds. *See, e.g.*, *Avant,* 2025 WL 2581681, at *2 & n.3.

## III. Payment of Mr. Torre's attorneys' fees and Hoover & Durland LLP's attorneys' fees is approved.

In connection with the proposed settlement, counsel seek specified attorneys' fees representing a total of one-third of Plaintiff's net recovery pursuant to a retainer agreement. Mr. Torre seeks $1,134,671.29, or 25% of the net recovery, and Hoover & Durland LLP seeks $378,223.76, or 8.33% of the net recovery. These amounts are in accord with the engagement agreements with Plaintiff, and Plaintiff requests that the Court approve the payment of these attorney's fees from the net settlement amount. Upon careful consideration, the Court finds the requested fee is reasonable and appropriate.

Where court approval of a settlement is required pursuant to a local rule, the Court "must ensure that the allocation of attorneys' fees from the settlement proceeds represents suitable compensation for the attorney for his services[.]" *Johnson v. City of New York*, No. 08-CV-3673, 2010 WL 5818290, at *4 (E.D.N.Y. Dec. 13, 2010) (quotation omitted). The Court will consider any contingency fee

agreement between counsel and a party, but is not bound by the terms of such an agreement. *Id.*

The principles governing the Court's assessment of the appropriateness of the attorney's fees are well established. *See, e.g. Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (noting that "a contingency agreement is the freely negotiated expression both of a [party's] willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment," and that as such, the Court "ought normally to give the same deference to these agreements as [it] would to any contract embodying the intent of the parties"); *see also Dullard v. Berkeley Associates Co.*, 606 F.2d 890, 896 (2d Cir. 1979) ("[I]n a wrongful death suit contingent fees of as much as one-third of the net recovery (after deducting expenses) are permissible"); *Carter-Sapp v. Hupkowitz*, No. 20-CV-1889-LJV-MJR, 2025 WL 475356, at *2 (W.D.N.Y. Feb. 12, 2025) ("While a court is not bound by the terms of such . . . [contingency fee] agreement[s], it does consider them. . . . Further, under New York law, attorney's fees not exceeding one-third of the sum recovered in a wrongful death action are presumptively 'reasonable.' . . . This Court sees no reason to depart from that standard here." (quotations and citations omitted)); *Farris v. Avon Prods., Inc.*, No. 23-CV-02023 (LAK)(SN), 2024 WL 5119874, at *3 (S.D.N.Y. Sept. 30, 2024) ("I recommend that the Court finds that the proposed amount of attorney's fees of $199,999.99, or 33.33% (one-third) of the settlement amount, to be reasonable pursuant to New York law, which provides that '[a] percentage not exceeding 33% of

the sum recovered' in a wrongful death action is deemed to be a 'reasonable fee[ ] . . . .' (quoting 22 N.Y.C.R.R. § 603.25(e)(2))); *Gluck v. Sandelli*, No. 21-CV-2038 (SLC), 2022 WL 1556124, at *2 (S.D.N.Y. May 16, 2022) ("The Court finds that the proposed amount of attorneys' fees of $1,833,333.33, or one-third of the settlement amount, is reasonable pursuant to New York law, which provides that '[a] percentage not exceeding 33% of the sum recovered' in a wrongful death action is deemed to be a 'reasonable fee[ ].'" (quoting 22 N.Y.C.R.R. § 603.25(e)(2).")); *Cai v. Cream-O-Land Dairies, LLC*, No. 20-CV-1053 (LB), 2021 WL 7210785, at *2 (E.D.N.Y. Jan. 25, 2021).

The fees sought here are approved. By any measure, they are reasonable given the complexity of the case; the need for case-initiating steps including proceedings in Surrogate's Court; the pleading and resolution of multiple different claims against numerous defendants; the work undertaken; the length of the case; the handling of an interlocutory appeal to the Second Circuit; and the amount of work undertaken by counsel to fully prepare for trial. The total one-third fee is also customary, is presumptively reasonable, and is calculated from a fee on net proceeds not gross proceeds. Further, Mr. Torre's retainer permitted him to seek a 40 percent fee if, as turned out to be the case, an appeal was involved, but the firms here seek only the one-third net fee.

## IV. Exhibit G is filed under seal.

The Court grants Plaintiff's request to file the AMR settlement agreement (Exhibit G to the Torre Declaration) under seal. In addition, Plaintiff has and may redact minor identifying/descriptive information, and Plaintiff's home address information, from documents filed in support of the motion.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

1. Plaintiff's settlement with AMR, in the amount of $100,000 and upon the terms set forth in her settlement agreement with AMR, is approved.

2. Plaintiff's settlement with the City Defendants, in the amount of $4,500,000 and on the terms set forth in her settlement agreement with the City Defendants, is approved.

3. From the settlement amounts, attorney Nelson S. Torre shall be reimbursed for the attorney disbursements that he paid over the course of this case and the related appeal, in the amount of $61,314.84.

4. As calculated from the net settlement amounts after the payment of disbursements, attorney Nelson S. Torre shall be paid his reasonable attorney fee as requested, in the amount of $1,134,671.29, representing 25% of the net recovery from the two settlements.

5. As calculated from the net settlement amounts after the payment of disbursements, Hoover & Durland LLP shall be paid its reasonable attorney fee as requested, in the amount of $378,223.76, representing 8.33% of the net recovery

from the two settlements. In sum, the total of all attorneys' fees to be paid to Plaintiff's counsel is one-third of the net settlement, and such amounts are to be paid following the entry of this decision by the Court.

6. a. Plaintiff is instructed to apply to Erie County Surrogate's Court for an order of distribution of the net proceeds of the settlements ($3,025,790.11) in accord with Section 5-4.4 of New York Estate Powers & Trust Law.

b. Plaintiff shall be responsible to defend, indemnify, and hold harmless the defendants from all liens and/or subrogation claims, known or unknown, asserted against the Plaintiff and/or the Plaintiff's decedent.

c. Upon delivery of each of the above-named parties' respective settlement payments, any and all liability of that party with respect to any liens shall be deemed satisfied and discharged.

d. Plaintiff and all parties shall execute a stipulation or stipulations of dismissal dismissing any and all claims, crossclaims, and/or counterclaims that have not been previously dismissed, on the merits and with prejudice, in the above-captioned action, and file the same within five days of the City Defendants' payment of $4,500,000 to Plaintiff.

e. All parties shall cooperate fully and execute any and all supplementary documents and take all additional actions which may be necessary or appropriate, or required under the terms of the settlement agreements, to give full force and effect to the basic terms and settlements.

f. Plaintiff is authorized, empowered, and directed to sign, execute, acknowledge, and deliver any releases, stipulations, or other documents necessary to effectuate such approved settlements.

6. The request to file Exhibit G to the Torre Declaration under seal is granted.

**SO ORDERED.**

Dated: October 30, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge